IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES C. HUDSON,

                Petitioner,

v.

MICHAEL MEISNER,

                Respondent.

OPINION & ORDER

14-cv-609-jdp

---

Petitioner James Hudson is serving a bifurcated prison sentence of six years of initial confinement and six years of extended supervision. He seeks a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2011 conviction in the Wisconsin Circuit Court for Milwaukee County. Dkt. 1. Petitioner has paid the filing fee and this case is now before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. After considering petitioner's filings and the records from his state court proceedings, I conclude that he has procedurally defaulted the three claims that he presents for habeas review. But I will give petitioner an opportunity to respond to this order and overcome this procedural default.

FACTS

I draw the following facts from the petition and from the opinions that the state courts issued during petitioner's appeals and postconviction proceedings.

In November 2010, Wisconsin charged petitioner with six felonies: three counts of theft by fraud and three counts of making a false statement in connection with the sale of securities. The parties reached a plea agreement that allowed petitioner to plead no contest to

two counts of his choice. Petitioner chose counts four and six, both of which charged that he had made a false statement in connection with the sale of securities. These counts alleged that petitioner had induced victims to invest in his musical career by lying to them and promising substantial returns on their investments. The state court accepted petitioner's plea on August 9, 2011. Two months later, the court sentenced petitioner to two consecutive six-year sentences, both with three years of initial confinement and three years of extended supervision. About two weeks after sentencing, petitioner filed a notice of intent to seek postconviction relief, and he filed a formal motion collaterally attacking his conviction on June 19, 2012.[1] The trial court denied petitioner's motion.

Petitioner filed a timely notice of appeal. He sought review of the underlying conviction and sentence, as well as review of the trial court's order denying his postconviction motion. The Wisconsin Court of Appeals affirmed in all respects, and the Wisconsin Supreme Court denied review. Petitioner then filed a petition for a writ of habeas corpus in this court.

ANALYSIS

Petitioner asserts three grounds for relief, although his second and third grounds appear to be the same. First, petitioner contends that his trial counsel gave constitutionally ineffective assistance, both in advising petitioner to accept the plea bargain and during the plea hearing. Second (and third), petitioner contends that the trial judge should have recused himself.

---

[1] Petitioner also filed a pro se motion to vacate his conviction, which the state court denied. This motion does not appear to be at issue in petitioner's habeas petition. *See* Dkt. 1, at 3 (referring to a "06-19-2012-Motion to withdraw his no-contest plea").

Before I can consider the merits of petitioner's grounds for habeas relief, he must exhaust his state remedies. 28 U.S.C. § 2254(b)(1)(A). Exhaustion requires a habeas petitioner to fully and fairly present his claims to the state courts so that they have a meaningful opportunity to consider the substance of those claims and correct any mistakes. *Bolton v. Akpore*, 730 F.3d 685, 694 (7th Cir. 2013). To "fairly present" a federal claim, a habeas petitioner must "assert that claim throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in postconviction proceedings." *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir.), *cert. denied sub nom.*, *Richardson v. Pfister*, 135 S. Ct. 380 (2014). This "requirement means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* A habeas petitioner who misses an opportunity to properly present a claim in state court commits a procedural default that may forfeit federal review of that claim. *Curtis v. Montgomery*, 552 F.3d 578, 582 (7th Cir. 2009) (citing *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007)); *see also Guest v. McCann*, 474 F.3d 926, 930 (7th Cir. 2007) ("If a habeas petitioner has not exhausted a claim, and complete exhaustion is no longer available, the claim is procedurally defaulted.").

In his petition, petitioner checked several boxes to affirmatively indicate that he did not raise his three grounds for habeas relief in any of his state proceedings. Dkt. 1, at 5, 7-8.[2] Thus, petitioner has procedurally defaulted these claims by not presenting them through one complete round of review. *Richardson*, 745 F.3d at 268. When a petitioner has procedurally

---

[2] Contrary to petitioner's indications, the Wisconsin Court of Appeals appears to have considered the first ground. *See State v. Hudson*, 2013 WI App 120, ¶ 11, 351 Wis. 2d 73, 839 N.W.2d 147. Of course, it may be that petitioner did not pursue these arguments in petitioning the Wisconsin Supreme Court for review.

defaulted his claims, habeas review is available only if he can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law," or that "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "Cause" for the default means "that some objective factor" prevented compliance with the state's procedural rules. *Id.* at 753. "Prejudice" means that the alleged violations "worked to [the petitioner's] *actual* and substantial disadvantage," which infected his entire proceeding with "error of constitutional dimensions." *Perruquet v. Briley*, 390 F.3d 505, 515 (7th Cir. 2004) (original emphasis). A fundamental miscarriage of justice occurs when the petitioner presents evidence showing that he is "actually innocent" of the charges against him. *See, e.g., Dretke v. Haley*, 541 U.S. 386, 393 (2004).

Because procedural default is an affirmative defense, petitioner did not have to discuss cause and prejudice or actual innocence in his petition. *See Perruquet*, 390 F.3d at 515. But I may require petitioner to address an affirmative defense before requiring the respondent to answer if "it is so plain from the language of the complaint and other documents in the court's files that [the defense] renders the suit frivolous." *Gleash v. Yuswak*, 308 F.3d 758, 760-61 (7th Cir. 2002). The only excuses that petitioner offers for failing to present his grounds for habeas relief to the state courts are that his counsel was ineffective—petitioner does not say *which* counsel, nor *how* counsel was ineffective—and that he could not identify the issue until after reading his legal documents. Dkt. 1, at 5, 7-9. At this point, these undeveloped assertions do not persuade me that there is a reason to excuse petitioner's procedural default.

I will give petitioner an opportunity to overcome his procedural default by filing a response to this order. In his response, petitioner should clarify whether he indeed presented

4

his grounds for habeas relief to the state courts and, if not, then petitioner must identify: (1) what cause he may have for failing to properly present his defaulted claims to the state courts and what prejudice he will suffer as the result of his failure to properly raise these claims; or (2) whether a failure to review his claims will constitute a fundamental miscarriage of justice because he is actually innocent of the charges. If petitioner fails to show that I can overlook his procedural default, then I will dismiss his petition.

ORDER

IT IS ORDERED that:

1. Petitioner James Hudson may have until April 26, 2016, to respond to this order and show cause why his petition should not be dismissed.

2. If petitioner fails to timely respond, then I will dismiss this petition.

Entered April 5, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge